HALL, Judge.
Southwestern Electric Power Company sued to expropriate a servitude containing 2.15 acres for an electric transmission line. From a judgment granting the expropriation and awarding defendant $660, defendant appealed. Plaintiff answered the appeal asking primarily that costs be assessed against defendant.
Defendant specifies the district court erred in the following respects:
(1) In overruling defendant’s objection to the resetting of the case for trial.
(2) In overruling defendant’s exception of prematurity.
(3) In fixing the value of the property taken at less than the amount sought by defendant.
(4) In not considering the value of the timber located on the property taken either in fixing the value of the property or in assessing damages for trespass.
(5) In fixing the amount of the fee of the defendant’s expert witness at less than his actual reasonable charges.

Objection to Resetting

Plaintiff filed suit on October 31, 1972, and trial was set by court order for December 7. Service of the petition and notice of trial date was made on November 6. On December 6, plaintiff filed an ex parte motion to reset, alleging the case was not placed on the calendar for December 7 because of possibilities of settlement, but it appearing the case would not be settled, it should be reset. The trial was reset by court order for December 19. Notice of the resetting was served on defendant on December 11. On December 12, defendant filed a motion objecting to the resetting, primarily on the basis that the defendant had less than twenty days notice of the new trial date.
LSA-R.S. 19:5 provides:
“On the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit. The clerk of court shall thereupon certify a copy of the plaintiff’s petition and of the order and issue a notice to the defendant of the time fixed for the trial.
“The notice issued by the clerk of court, together with the certified copy of the plaintiff’s petition and of the order, shall be served on the defendant at least twenty days before the time fixed for the trial of the suit.”
The statute provides for the issuance of an order at the time suit is instituted fixing the date of trial. The order must be served at least twenty days prior to the trial date. We do not construe the statute to mean that there must be an additional twenty days notice after any continuance or resetting. Defendant has been afforded substantially more than twenty days to prepare for trial after being notified of the suit and that a trial would be had. The purpose of the twenty-day requirement has been met.

*820
Exception of Prematurity

Defendant contends plaintiff did not make a good faith attempt to negotiate prior to filing suit and, therefore, the suit is premature. The exception and defendant’s answer were not filed within fifteen days after service of the original notice of the time fixed for trial as required by LSA-R.S. 19:6. Under LSA-R.S. 19:7, the failure to timely file an answer constitutes a waiver of defenses except claims for compensation and damages. In any event, the record reflects substantial good faith negotiations by plaintiff.

Value of the Property Taken

Plaintiff offered the testimony of two well-qualified experts, Frank W. Grigsby and Walter Hunter. One fixed the value of the 2.15 acre tract at $200 per acre, less 25% residual value, or $322.50 total value for the property taken. The other witness fixed the value at $185 per acre, less 25% residual value, or a total value of $300 for the property taken. The property is rural acreage without access by public road. Its highest and best use is for growing timber. Both experts testified they visited the property and took into consideration the value of the timber which consisted primarily of pine and some hardwood. Both based their opinions on per acre value of the entire 80 acre tract. Both substantiated their opinions as to market value with several comparable sales of property in the area.
Defendant did not offer any opinion or expert testimony as to the market value of the property taken. Fie did offer the testimony of Henry Bango, a well-qualified timber manager and appraiser. Bango visited the property shortly before trial, while the timber in the proposed right of way was being cut by Southwestern’s contractor. Based on measurements of stumps, estimations of total footage of sawlogs and pulpwood cut, and the prevailing prices, Bango estimated the total stumpage value of the timber in the right of way at $538.-93.
Appellant argues that considering the value of the timber alone on the tract taken at $533.93 in relation to the total award of $660, the amount awarded for the land itself is unreasonably low.
Where a servitude is expropriated across a larger tract, the proper approach to establishing the market value of the property taken is to base it on a per acre evaluation of the whole tract, if the property taken has no peculiar or distinguishing characteristics as compared to the parent tract. Plaintiff’s appraisers applied this approach and their estimates of value were supported by adequate comparable sales. Their opinions took into account the standing timber, although both may have underestimated the value of the timber on this tract as compared to the timber on the tracts used as comparables. The award made by the district court is at least $100 per acre higher than that established by plaintiff’s appraisers and undoubtedly represented an adjustment upwards on account of this factor. While the value of the timber actually located on the 2.15 acre tract is an evidentiary factor to be considered in arriving at market value of the whole tract and ultimately of the tract taken, it is not the sole criteria nor should a separate award be made for the value of the timber. We conclude the district court properly evaluated this evidentiary factor along with the other evidence and awarded just compensation based on the market value of the property taken.

Damages for Trespass

Defendant seeks damages for alleged trespass by Southwestern when it went on his property after suit was filed and prior to judgment and began clearing the right of way. On trial, the testimony of Southwestern’s employee, John Cady, and of defendant established that at one point after suit was filed both parties thought they had reached an agreement. Southwestern, after consulting with their attorney and being advised an agreement had been *821 reached, sent their contractor on the property and he began cutting. Due to an admitted lack of communication between Southwestern and the contractor, the contractor continued to cut timber even after it became apparent there was no agreement. He was on the property cutting the day before trial when Bango and defendant went to the property. Defendant told the contractor to finish picking up what they had cut and to get off the property.
Although Southwestern thought they had an agreement with defendant, there is no evidence this agreement included permission to enter the property and begin clearing prior to the time a conveyance was executed. Even if Southwestern was justified in going on the property initially, they were not justified in continuing after it became apparent the suit would not be settled. If the initial entry onto the land was in good faith, the good faith did not continue past this point and the continued cutting amounted to legal bad faith. Defendant is entitled to recover damages for the trespass and removal of timber from defendant’s property.
Ordinarily, the value of defendant’s timber removed would serve as an appropriate measure of damages in a case such as this. Where the trespasser is in good faith, the measure is the stumpage value of the timber. Where the trespasser is in legal bad faith, the measure is the converted value of the timber, less the actual cost of converting it. Here the evidence is incomplete and inadequate as to the converted value and costs. The stumpage value was established at $533.98. However, we believe the district court took into account to some extent the value of the timber in making the award for the property taken and to some extent defendant has already been compensated. Under all the facts and circumstances, we find an additional award of $350 will adequately compensate defendant and plaintiff-in-reconvention for damages arising out of the trespass.

Expert Witness Fee

Appellant argues the expert witness fee for Bango should be fixed at $250 rather than $200 as awarded by the district court. It is pointed out that Bango’s actual charges, according to his testimony, will be $250, representing $150 for his investigative work and $100 for testifying in court. He made two trips to the property, spent about ten hours in preparatory work, and appeared in court to testify. Bango’s actual charges for the work done by him appear reasonable and we see no reason why his fee should not be fixed accordingly and taxed as court costs. The judgment will be amended to that effect.

Court Costs

In its answer to the appeal, Southwestern claims court costs should be assessed to defendant because Southwestern offered defendant the true value of the property prior to filing suit. This argument has no merit because there is no evidence of any amount actually being tendered as required by LSA-R.S. 19:12 as a prerequisite to taxing costs against the owner. Further, the amount offered in negotiations, according to the evidence, was less than the amount awarded by the district court.
For the reasons assigned, the judgment of the district court is amended to increase the award for the fee of the expert witness, Henry Bango from $200 to $250. The judgment is further amended to grant judgment in favor of Howard A. Hammock and against Southwestern Electric Power Company in the sum of $350, together with legal interest thereon from date until paid, this amount to be in addition to the compensation awarded for the property taken. As amended, the judgment is affirmed.
All costs are assessed to plaintiff-appel-lee.
Amended, and as amended, affirmed.